OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 21, 2002

The Honorable Bobby Lockhart
Bowie County Criminal District Attorney
P.O. Box 3030
601 Main
Texarkana, Texas 75504

Opinion No. JC-0467

Re: When a constable is required to furnish evidence that he has been issued a permanent peace officer's license (RQ-0431-JC)

Dear Mr. Lockhart:

You have requested that we consider the situation of a constable who was appointed to fill an unexpired term, and was subsequently elected several months later to a full term. You ask when that individual was required to furnish evidence, pursuant to section 86.0021, Local Government Code, that "he has been issued a permanent peace officer license."[1] We conclude that the constable had 270 days from the date that he was sworn in to his elective term to furnish the evidence required by section 86.0021.

You explain that a particular individual in Bowie County won the Democratic primary election for constable of precinct three in March, 2000. Because there was no Republican candidate on the November ballot, his primary victory was tantamount to election, although he would not assume office as an elected official until January 1, 2001. Because the precinct three position was vacant at the time, however, the Commissioners Court of Bowie County, on May 1, 2000, appointed him to fill the unexpired term. On January 1, 2001, he was sworn in to his elective term as constable for precinct three.

Section 86.0021 of the Local Government Code provides, in relevant part:

(a) A person is not eligible to serve as constable unless the person:

(1) has a high school diploma or a high school equivalency certificate; and

(2) is eligible to be licensed under Sections 1701.309 and 1701.312, Occupations Code.

---

[1] Letter from Honorable Bobby Lockhart, Bowie County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General at 2 (Sept. 6, 2001) (on file with Opinion Committee).

> (b) On or before the 270th day after the date a constable *takes office*, the constable shall provide, to the commissioners court of the county in which the constable serves, evidence that the constable has been issued a permanent peace officer license under Chapter 1701, Occupations Code. A constable who fails to provide evidence of licensure under this subsection or who fails to maintain a permanent license while serving in office forfeits the office and is subject to removal in a quo warranto proceeding under Chapter 66, Civil Practice and Remedies Code.

TEX. LOC. GOV'T CODE ANN. § 86.0021(a), (b) (Vernon Supp. 2002) (emphasis added). Subsection (b) became effective on August 30, 1999, and is thus applicable to the situation you pose. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 877, § 1, 1999 Tex. Gen. Laws 3572.

The constable provided evidence of his licensure to the Commissioners Court on September 17, 2001, *i.e.*, 259 days after he was sworn in to his elective term.[2] The question you raise is whether the constable was required to obtain the license imposed by subsection (b) by January 25, 2001, the 270th day after his appointment to fill the unexpired term. If he were obliged to do so, subsection 86.0021(b) states that he forfeited his office and was subject to removal in a quo warranto proceeding.

In our opinion, the constable in question was not subject to removal by virtue of his failure to obtain licensure by January 25, 2001. A constable serves by *terms*, in this case, a term of four years. TEX. CONST. art. V, § 18. On January 25, 2001, the date by which he was required to furnish evidence of licensure for the unexpired term to which he was appointed, that term had been completed, and a new one had begun.

This office considered a similar situation in Attorney General Opinion DM-322. There, a constable had been removed from office for failure to timely obtain licensure as a peace officer. The opinion concluded that such removal did not preclude his running for election to a subsequent term. Tex. Att'y Gen. Op. No. DM-322 (1995) at 5. The opinion was based on section 87.001 of the Local Government Code which provides that "[a]n officer may not be removed under this chapter for an act the officer committed before election to office." TEX. LOC. GOV'T CODE ANN. § 87.001 (Vernon 1999). Attorney General Opinion DM-322 declared:

> [S]ection 87.001 precludes the removal of an elected county officer for any acts that the officer committed during a prior term of office. . . . We believe that section 87.001 implicitly prohibits removal for an officer's failure to act, *i.e.*, failure to become licensed.

---

[2]Letter from Honorable Benny Barrett, Constable, Precinct 3, Bowie County, to Ms. Susan D. Gusky, Chair, Opinion Committee, Office of Attorney General (Nov. 9, 2001) (on file with Opinion Committee).

> Once a constable is re-elected, therefore, the district court cannot remove the constable for failure to become a licensed peace officer during a prior term. Instead, *upon re-election the slate is wiped clean*, and pursuant to section 415.053 of the Government Code, the re-elected constable has two years from the date of taking office the second time to become a licensed peace officer. This principle applies whether the constable is re-elected in the same precinct or elected for the first time in a different precinct.

Tex. Att'y Gen. Op. No. DM-322 (1995) at 3-4 (emphasis added).

The principle announced in Attorney General Opinion DM-322 is even more compelling in the circumstances you present here. The individual in question was not only never removed from the position to which he was appointed: he could *not* have been removed. Subsection 87.001(b) granted him 270 days from the date of his appointment to obtain licensure. But because his appointed term was in existence for only 245 days, he was *never* required to obtain licensure for that term. As in Attorney General Opinion DM-322, when he took office for his elective term on January 1, 2001, "the slate was wiped clean," and the constable had 270 days from that date to provide evidence of his licensure.

We conclude that the constable of precinct three of Bowie County had 270 days from the date he was sworn in to office for his elective term – January 1, 2001, to furnish to the Commissioners Court of Bowie County the evidence of licensure required by subsection 86.0021(b) of the Local Government Code.

## S U M M A R Y

The constable of precinct three of Bowie County had 270 days from the date he was sworn in to office for his elective term – January 1, 2001, to furnish to the Commissioners Court of Bowie County the evidence of licensure required by subsection 86.0021(b) of the Local Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee